UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>SOUTHBRIDGE ASSOCIATES, LLC<br><br>Debtor | Chapter 11<br>Case No. 26-41208-EDK |

**DEBTOR'S MOTION FOR AUTHORITY TO SELL**
**PROPERTY OF THE ESTATE FREE AND CLEAR BY PRIVATE SALE**
**AND BIDDING PROCEDURES**
[14 Mechanic Street, Southbridge, MA]

Southbridge Associates, LLC (the "Debtor" or "Seller"), hereby moves this Court, pursuant to Sections 363(b), (f) and (h) of the Bankruptcy Code, Fed. R. Bankr. P. 6004, and MLBR 6004-1(a), for authority to sell, free and clear of all liens and other monetary interests, to Lundgren Equity Partners, LLC or its nominee (the "Buyer") the tracts of land known as 14 Mechanic Street, Southbridge, Massachusetts, together with all buildings, structures and improvements located thereon more fully described as the real property located and commonly known as 14 Mechanic Street, Southbridge, Southbridge, Massachusetts, and more particularly described on Exhibit A attached to the Asset Purchase Agreement (the "Land"), including, without limitation, all buildings, including the hotel (being the "Wellsworth Hotel") and office building, improvements, personal property of every sort, contractual rights (concerning which the Buyer may compel the Seller to reject or to assume and then to assign to the Buyer), and permanent fixtures situated on and under the Land, if any, and any and all property in which XC (defined below) holds a security interest (collectively, the "Improvements"); and

(a) all of the interest of Seller, if any, in any rights, profits, privileges and easements appurtenant to the Land and/or the Improvements, including, without limitation, all development rights, parking rights, rights of way, air rights, water, water rights, and water stock, trademarks, service marks, trade names and other intellectual property, and any easements, rights of way or other appurtenances used in connection with the beneficial use and enjoyment of the Land (collectively, the "Appurtenances") (collectively referred to as the "Property").

The Purchase Price of the Property is Five Million and 00/100 ($5,000,000.00) Dollars (the "Purchase Price") which Buyer hereby agrees to pay at Closing pursuant to the terms of this Agreement.

In support of this motion, the Debtor states as follows:

## I. Background

1. On October 6, 2026, (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage its business and financial affairs as a debtor-in-possession.

3. The Debtor is the owner of real property known as the Southbridge Innovation Center which upon which it operates the Wellsworth Hotel (the "Hotel") (formerly the Southbridge Hotel & Conference Center) and a commercial office building (the "Office Building", with the Hotel, the "Property").

4. The Hotel is an upscale independent hotel with approximately 203 rooms. In addition, the Hotel offers extensive conference and banquet facilities and Visions Restaurant, Shades Lounge, Focus Fitness Center, an indoor swimming pool, indoor basketball court, two

racquetball courts, business facilities and a landscaped courtyard. The Hotel is a full-service property.

5. The Office Building is comprised of 72,399 square feet of which approximately 13,657 square feet is revenue generating leased office space with approximately 27,280 square feet planned for lease to a state agency, and approximately 31,462 square feet of additional space available for future leasing or build-out.

6. The Hotel is managed by a third-party management company, Shaner Hotel Holdings Limited Partnership ("Shaner"). Shaner is the exclusive operator and manager of the Hotel, such that all hotel personnel are employed by Shaner and not the Debtor.

7. The Property is subject to the following encumbrances:

| Lien Holder | Lien Type | Amount |
|---|---|---|
| X-Caliber Rural Capital, LLC | Mortgage and All Asset Lien | $14,475,936.12 |
| Corporation Services Co, as Representative | All Asset Lien | Unknown |
| Southbridge Tax Collectors | Real Estate Tax Lien | Unknown |
| Town of Southbridge | Municipal Liens | Unknown |

## III. <u>Proposed Private Sale</u>

8. Pending approval of the Bankruptcy Court, the Debtor accepted an offer as from the Lundgren Equity Partners, LLC or its nominee (" Buyer" or "Stalking Horse Purchaser") for the Property for the agreed purchase price of Five Million and 00/100 Dollars ($5,000,000) of which:

| | |
|---|---|
| $ 100,000 | Not later than 5:00 p.m. pm Nov. 4, 2026 Buyer shall pay as a deposit to bind the acceptance of the Asset Purchase agreement; and, |

| | |
|---|---|
| $ 4,900,000 | is to be paid at the time of delivery of the deed in cash, or by certified, cashier's, treasurer's, or bank check, or check drawn on BUYERS' counsel's escrow account. |
| $ 5,000,000 | TOTAL |

9. The sale to the Buyer shall be on the terms and conditions contained in the Asset Purchase Agreement (the "Agreement"), a copy of which is attached hereto as Exhibit "A".

10. All negotiations with the Buyer have been and will continue to be conducted on an arm's length, good faith basis.

11. The sale of the Property shall be free and clear of all mortgages, liens, encumbrances and claims, including mechanics liens, and includes all contractual rights and remedies of the debtor, together with rights under section 365 of the bankruptcy code. The Buyer may assume such contracts and shall pay any costs to cure defaults under the contracts. The Buyer is not obligated to assume or perform or pay under executory contracts unexpired leases and licenses that are associated with the Property.

12. The liens on the Property shall attach to or affect the proceeds of the sale to the same extent, and in the same order of priority, as each such interest now attaches to or affects the Property, subject, in each case, to this Court's power to determine subsequently the validity, extent and priority of any liens, encumbrances or other interest.

13. The proceeds of the sale of the Property shall be paid to the first priority secured creditor, X-Caliber Rural Capital, LLC ("X-Caliber") less (i) all ordinary and usual closing costs customarily paid by a seller of real property in Massachusetts, including without limitation closing costs and transfer taxes; and (ii) all quarterly fees owed to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6). Such sums shall constitute a cost of the Sale and shall be paid from the sale proceeds at or promptly following the Closing.

14. If the Property is sold to someone other than the Stalking Horse Purchaser, the Stalking Horse Purchaser shall be entitled to a breakup fee ("Break-Up Fee"), subject to the approval of the court equal to (1) amounts disbursed by the Buyer to pay the payroll of SBC Energy LLC ("SBC"), and any other permitted expense approved by XC, in writing, to maintain/sustain the operation of SBC until the earlier of (a) consummation of the section 363 sale of the purchased property or (b) November 19, 2026; and (2) reasonable and necessary legal fees and due diligence expenses of the buyer. Such services and expenses shall be related to the 363 offer and sale process and shall not exceed Fifty-Thousand and 00/100 ($50,000.00) Dollars. The amounts shall be paid from the proceeds of the sale in the event Buyer is not the successful bidder. Madoff & Khoury, LLP as Escrow Agent shall hold the sum of $50,000.00 pending further order of the Court. The sums disbursed to pay the payroll of SBC Energy LLC ("SBC"), and any other permitted expense approved by XC shall be disbursed at the Closing of the sale.

15. The fees and expenses of the Debtor's professionals retained under sections 327, 328, or 363 of the Bankruptcy Code, to the extent allowed by the Court; and (c) all allowed and unpaid costs and expenses of administration of the Debtor's chapter 11 case under sections 503(b) and 507(a)(2) of the Bankruptcy Code (collectively, the "Administrative Expense Carve-Out) and the sum of Fifty-Thousand and 00/100 ($50,000.00) shall be a carve out from XC's cash collateral being held by Debtor. The Fifty Thousand and 00/100 ($50,000.00) shall be for the benefit of pro rata distributions to non-insider general unsecured creditors, excluding any creditor receiving proceeds of the sale (the "Carve Out").

16. Notwithstanding anything herein to the contrary, from and after the Closing, the Debtor is authorized to pay any reasonable and documented costs and expenses recoverable under section 506(c) of the Bankruptcy Code, including any allowed claims, charges, or expenses

incurred in preserving or disposing of collateral that provided a direct and quantifiable benefit to a secured creditor. Any such amounts shall be paid in accordance with any further order of the Court.

17. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets prior to confirmation of a plan. However, courts in this Circuit and others have required that the decision to sell assets outside the ordinary course of business be based upon the sound business judgment of the debtor. *See In re Aerovox*, 269 B.R. 74, 80 (Bankr. D. Mass. 2001) (citing *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991)); *Titusville Country Club v. PennBank (In re Titusville Country Club)*, 128 B.R. 396, 399 (Bankr.W.D. Pa. 1991); *In re Indus. Valley Refrigeration & Air Conditioning Supplies, Inc.*, 77 B.R. 15, 19 (Bankr. E.D. Pa. 1987).

18. Generally, courts have applied four factors in determining whether a sale of a debtor's assets should be approved: (a) whether a sound business reason exists for the proposed transaction; (b) whether fair and reasonable consideration is provided; (c) whether the transaction has been proposed and negotiated in good faith; and (d) whether adequate and reasonable notice is provided. *See In re The Lionel Corporation*, 722 F.2d 1063, 1071 (2d. Cir 1983) ("sound business purpose" test); *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 145-57 (3d Cir. 1986) (adopting articulated business justification test and adding "good faith" requirement); *Delaware & Hudson Ry.*, 124 B.R. at 176 ("Once a court is satisfied that there is a sound business reason or an emergency justifying the pre-confirmation sale, the court must also determine that the trustee

has provided the interested parties with adequate and reasonable notice, that the sale price is fair and reasonable and that the purchaser is proceeding in good faith."); *see also In re SW Boston Hotel Venture LLC*, No. 10-14535 (JNF), 2011 WL 3897106 (Bankr. D. Mass. Aug. 26, 2011) (applying sound business purpose test and examining fairness and reasonableness of consideration, good faith in proposing and negotiating transaction, and adequate and reasonable notice given the circumstances); *In re Oscient Pharmaceuticals Corp.*, No. 09- 16576 (HJB), 2011 WL 2750839 (Bankr. D. Mass. May 2, 2011) (same).

19. Additionally, Section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a Chapter 11 case. Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Provided that a bankruptcy court does not employ its equitable powers to achieve a result not contemplated by the Bankruptcy Code, the exercise of its Section 105(a) power is proper. *Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 444 (1st Cir.2000) (citing *Noonan v. Sectary of Health & Human Servs. (In re Ludlow Hosp. Soc'y, Inc.)*, 124 F.3d 22, 27 (1st Cir. 1997)). Pursuant to Section 105(a) of the Bankruptcy Code, a court may fashion an order or decree that helps preserve or protect the value of a debtor's assets. See, e.g., *Ameriquest Mortgage Company v. Nosek (In re Nosek)*, 544F.3d 34, 43 (1st Cir. 2008) ("Section 105(a) of the Code provides the bankruptcy court broad authority to exercise its equitable powers […] to facilitate the implementation of other Bankruptcy Code provisions.").

20. The proposed sale of the Property will be in exchange for fair and reasonable value as it is the result of a thorough marketing process conducted by the Broker for X-Caliber, between the Debtor and Buyer and X-Caliber and notice provided by the Debtor and negotiations

21. The proposed sale satisfies the good faith factor of the "sound business purpose" test. To constitute lack of good faith, a party's conduct in connection with the sale must usually amount to "fraud, collusion between the purchaser and other bidders of the trustee or attempt to take grossly unfair advantage of other bidders." *Abbotts Dairies*, 788 F.2d at 147-48. *See also SW Boston Hotel Venture LLC*, No. 10-14535 (JNF) 2011 WL 3897106 (Bankr. D. Mass. Aug. 26, 2011) (finding good faith where asset purchase agreement and contemplated transaction were "negotiated, proposed and entered into by debtor and the purchaser … without collusion and from arm's-length bargaining positions.").

22. The Buyer is affiliated with the Debtor. Ownership and control of the Debtor is comprised of a group of entities ultimately controlled by Barry R. Lundgren. The Debtor has three members: (1) Franklin Advisors Southbridge, LLC, a Massachusetts limited liability company ("FAS"), which holds owns 75 percent interest and is the Manager of the Debtor; (2) Southbridge Hotel Investors, LLC, which holds a 6.25 percent interest; and (3) Southbridge Conference Investors, LLC, which owns an 18.75 percent interest.

23. The Buyer is Lundgren Equity Partners, LLC or its nominee are affiliates of the Debtor; however, there is no indication of fraud or collusion in connection with the proposed sale. For these reasons, the Debtor submits that the proposed sale satisfies the good faith element of the "sound business purpose" test.

24. The Debtor asserts that ample business justification exists to approve the proposed sale to the Buyer. The Debtor submits that the relief sought by this Motion is not only reasonable, but necessary, to maximize the value of this estate for the benefit of the Debtor's creditors, and other parties in interest. Thus, a sound business purpose justifies the proposed sale.

25. The Debtor submits that the proposed notice described herein is adequate for purposes of the "sound business purpose" test and satisfies the notice provisions required under the Bankruptcy Code and Bankruptcy Rules. The Debtor additionally requests that the Court determine that the Purchaser is entitled to the protections provided by Section 363(m) of the Bankruptcy Code in connection with the proposed sale.

26. Section 363(m) of the Bankruptcy Code protects a purchaser of assets in a Section 363 sale from the risk that it will lose its interest in the purchased assets if the order allowing the sale is reversed on appeal. The statute provides, in pertinent part:

> The reversal or modification on appeal of an authorization under subsection (b) . . . of this section of a sale . . . of property does not affect the validity of a sale . . . under such authorization to an entity that purchased . . . such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale . . . were stayed pending appeal.

11 U.S.C. § 363(m).

27. Courts have defined a "good faith purchaser" as "one who buys property in good faith and for value, without knowledge of adverse claims." *In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993). "Good faith" is a lack of "fraud, collusion… or an attempt to take grossly unfair advantage of other bidders." *Id.* (*citing In re Andy Frain Servs., Inc.*, 798 F.2d 1113, 1125 (7th Cir. 1986). Due to the absence of a bright line test for good faith, the determination is based on the facts of each case, concentrating on the "integrity of [an actor's] conduct during the sale proceedings." *In re Tri-Cran, Inc.*, 98 B.R. 609, 618 (Bankr. D. Mass. 1989) (*quoting Rock Indus. Machinery Corp.*, 572 F.2d at 1198 (7th Cir. 1978)).

28. Here, the Debtor and Buyer have acted in good faith in negotiating the Agreement. There has been no fraud or collusion, and all negotiations have been conducted on an arm's length, good faith basis.

29. Pursuant to Section 363 of the United States Bankruptcy Code, the Buyer shall acquire the Property free and clear of all liens, claims, encumbrances, interests, and liabilities of the Seller. The Buyer shall not be deemed a successor to the Debtor and shall have no successor liability of any kind or nature, whether arising under statutory, common law, equitable, or other legal theories, including, without limitation, liabilities relating to the Debtor's operations, employees, contracts, products, taxes, environmental matters, or obligations incurred prior to the closing of the sale. No transfer of the Property shall result in the Buyer being considered a continuation of, or successor to, the Seller or its estate

30. All parties with an interest in the Property, and as required by Fed. R. Bankr. P. 2002, will receive notice of the proposed sale and will be provided an opportunity to be heard. The Debtor submits that such notice satisfies the requisite notice provisions required under Sections 363(b) and 365 of the Bankruptcy Code. Under the circumstances, the Buyer should be afforded the benefits and protections that Section 363(m) of the Bankruptcy Code provides to a good faith purchaser.

31. The Debtor further requests that any Order authorizing a sale of the Property to the Buyer shall be effective when entered by the Court, notwithstanding the provisions of Fed. R. Bankr. P. 6004(h). A proposed form of Order is attached hereto as Exhibit "E".

## V. Benefit to the Estate

32. The Debtor believes that the sale of Property to the Buyer is a benefit to the estate and should be approved pursuant to Section 363(b) of the Bankruptcy Code.

33. The proposed sale of the Property is in the best interests of the bankruptcy estate notwithstanding that the purchase price is less than the aggregate amount due under the secured

note and related loan documents. X-Caliber has reviewed the proposed transaction and has consented to the sale and the disposition of its collateral. The sale represents the highest and best offer available for the Property under current market conditions and will maximize the value recoverable by the estate while avoiding the risks, delay, carrying costs, and uncertainty associated with continued marketing efforts or foreclosure proceedings. Absent the proposed sale, the estate would continue to incur administrative expenses, taxes, insurance, maintenance costs, and other obligations that would further diminish value available to creditors. Accordingly, the sale will provide a concrete and immediate benefit to the estate by liquidating the Property on terms acceptable to the secured lender, preserving value, and facilitating the efficient administration of the bankruptcy case.

## VI. Marketing

34. The Broker employed, upon information provided, by X-Caliber has actively and extensively marketed the and believes the sale price is a reasonable price given current market conditions. In addition, because the sale will be subject to counteroffers, a higher final sale price is possible.

35. X-Caliber shall pay all sums to the pre-petition broker and other usual and necessary expenses incurred as part of the liquidation and neither the Debtor nor any other party shall have any obligation or liability to make such payments.

## VII. Counteroffers and Bidding Procedures

36. Pursuant to the provisions of MLBR 6004-1 (c)(2)(B)(ii), the Debtor requests that the minimum increase for any qualifying counteroffer for the Property must equal at least five percent (5%) over the purchase price and must equal or exceed $5,250,000 and must be

accompanied by a deposit in the amount of $100,000, and must otherwise be made on the same or better terms and conditions as set forth in the Sale Agreement with the Buyer.

37. The Bidding Procedures are attached as Exhibit B. In order to become a Qualified Buyer, any counteroffer shall comply in all respects with the Bidding Procedures, and its bid and the proposed transaction shall remain subject to the requirements, limitations, and provisions set forth therein or as further ordered by the Court.

38. The proposed sale of assets provides for the Buyer to assume and have an assignment of the Debtor's executory contracts, agreements, leases and/or license (the "Assumed Contracts"). See Exhibit C for the list of contracts and/or that may be assumed by the Buyer.

## VIII. Jurisdiction

39. The Bankruptcy Court will retain jurisdiction over enforcement of the Sale Order and to determine any disputes arising out of the Sale Order

## IX. Notice

40. Copies of this motion have been served upon the United States Trustee, Buyers' counsel, all secured creditors and if known their counsel, taxing authorities and all parties that have requested notice of pleadings in this case and the twenty (20) largest creditors. The Debtor proposes to send such parties, all creditors, as well as any other party who the Debtor or the X-Caliber Broker regards as a potential purchaser, a copy of a Notice of Private Sale, in the form attached hereto as Exhibit "D", which complies with MLBR Official Form 2A. The Debtor requests that this Court find such service to be sufficient notice of this motion.

WHEREFORE, the Debtor respectfully requests that the Court enter the Sale Order, in

the form provided by the Debtor to the Court:

(A) due and proper notice has been afforded in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the local rules of the Bankruptcy Court and the orders of the Bankruptcy Court and all aspects of the transactions contemplated by this Agreement have been adequately disclosed;

(B) the Purchase Price under this Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code for the Property;

(C) Buyer is a good faith purchaser as that term is used in Section 363(m) of the Bankruptcy Code;

(D) the Sale has not been entered into fraudulently and Buyer has not engaged in collusive bidding or otherwise violated the provisions of Section 363(n) of the Bankruptcy Code;

(E) Title to the Property shall vest in Buyer free and clear of all Interests, and Buyer shall not be liable for, any and all liabilities related to Seller's pre-closing operations of any type or nature whatsoever;

(F) Buyer shall not be liable for any claims or debts of Seller, except those assumed by Buyer;

(G) the Bankruptcy Court will retain jurisdiction over enforcement of the Sale Order and to determine any disputes arising out of the Sale Order; and

(H) Buyer is not intended to be and shall not be deemed to be a successor to Seller; and (iii) a waiver of the stay imposed by Bankruptcy Rule 6004(h); and

(I) Granting such other relief as this Court deems proper.

Respectfully submitted this 2nd day of November 2026.

SOUTHBRIDGE ASSOCIATES, LLC
By its attorneys,

/s/ Nina M. Parker
David B. Madoff (BBO#552968)
Steffani M. Pelton (BBO#666470)
Nina M. Parker (BBO#389990)
MADOFF & KHOURY LLP
124 Washington Street, Suite 202
Foxborough, MA 02035
(508) 543-0040
parker@mandkllp.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>SOUTHBRIDGE ASSOCIATES, LLC<br><br>Debtor | Chapter 11<br>Case No. 26-41208-EDK |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on November 2, 2026, she caused copies of the foregoing Motion for Authority to Sell Property of the Estate Free and Clear by Private Sale and Exhibits thereto to be served by ECF or by regular first-class mail upon the following parties:

## **SERVICE LIST**

James G. Atchison on behalf of Creditor Southbridge Associates II LLC
atchison@casneredwards.com, luo@casneredwards.com

Eric K. Bradford on behalf of Assistant U.S. Trustee Richard King
Eric.K.Bradford@USDOJ.gov

Alan L. Braunstein on behalf of Other Professional YC Southbridge LLC
abraunstein@riemerlaw.com, ahall@riemerlaw.com;ndailey@riemerlaw.com

Mark Foss on behalf of Creditor Managed Realty Investments, LLC
mfoss@ftwlaw.com, ftwbankruptcy@ftwlaw.com

Richard King
USTPRegion01.WO.ECF@USDOJ.GOV

John T. Morrier on behalf of Creditor Southbridge Associates II LLC
morrier@casneredwards.com, luo@casneredwards.com

Leah Anne O'Farrell on behalf of Interested Party Shaner Hotel Holdings Limited Partnership
lofarrell@btlaw.com

Tani E. Sapirstein on behalf of Creditor Savers Co-Operative Bank
tani@sandslaw.com

Paige Barr Tinkham on behalf of Creditor X-Caliber Rural Capital, LLC
paige.tinkham@blankrome.com,
docketing@blankrome.com;courtmail@blankrome.com;joseph.robinson@blankrome.com;gayle.faulkner@blankrome.com;matt.kaslow@blankrome.com

Rion Vaughan on behalf of Creditor X-Caliber Rural Capital, LLC
rvaughan@rubinrudman.com

Southbridge Tax Collectors Office
41 Elm Street, #1
Southbridge, MA 01550

Town of Southbridge
41 Elm Street
Southbridge, MA 01550

VState Filings as Representative
301 Mill RD STE U-5
Hewlett, NY 11557

X-Caliber Rural Capital, LLC
3 West Main Street, Suite 103
Irvington, NY 10533

X-Caliber Rural Capital
7400 North Oracle Road, Suite 150
Tucson, AZ 85704

Corporation Service Co as Representative
PO Box 2576
Springfield, IL 62708

Amadeus Hospitality, Inc.
29618 Network Place
Chicago, IL 60673

Bill N. Jacob, Esq.
805 Turnpike Street, Suite 201
North Andover, MA 01845

Compass Facility Services
65 Jackman Street
Georgetown, MA 01833

Comprehensive Merchant Capital
c/o Ashleigh Bell, Esq.
Garnder & Rosenberg, PC
27 School Street, Suite 502
Boston, MA 02109

Conventures, Inc.
88 Black Falcon Avenue, Suite 202
Boston, MA 02210

Courtesy Products LLC
PO Box 840020
Kansas City, MO 64184

Expedia, Inc.
PO Box 847677
Dallas, TX 75284

Funk Landscape & Design LLC
148 Berry Corner Road
Charlton, MA 01507

Guest Supply LLC
a Sysco Company
PO Box 910
Manmouth Junction, NH 08852

Impact Fire Services LLC
PO Box 735062
Dallas, TX 75373

Mediation and Civil Arbitration, Inc.
d/b/a Rapid Ruling
539 W Commer Street, #2295
Dallas, TX 75208

National Grid
PO Box 371338
Pittsburgh, PA 15250

Performance Foodservice
PO Box 3024
Springfield, MA 01104

Powell Hospitality
3793 Becon Rodge Way
Clermont, FL 34711

Republic Services
PO Box 9001099
Louisville, KY 40290

Shaner Hotel Holdings
1965 Waddle Road
State College, PA 16803

Southbridge Tire Company Inc
136 Central Street
Southbridge, MA 01550

Three & Six Ltd
Fraser House
South Road
Lancaster, LA1 4XQ
United Kingdom

US Foods, Inc.
PO Box 3155
Boston, MA 02241

Worcester Business Development
89 Shrewsbury Street, Suite 300
Worcester, MA 01604

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

MASS DEPT OF REVENUE ATTN: BANKRUPTCY UNIT
PO BOX 7090
BOSTON, MA 02204-7090

Commonwealth of Massachusetts
Department of Unemployment Assistance
Legal Dept. 1st Floor
Attn: Chief Counsel
19 Staniford Street
Boston, MA 02114

United States Attorney
U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02110

Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

CT Corporation System, as representative
330 N. Brand Blvd., Suite 700
Attn: SPRS
Glendale, CA 91203

Douglas Radigan
Prince Lobel
1 Mercantile Street, Suite 220
Worcester, MA 01608

Franklin Advisors Southbridge LLC
36 Washington Street, Suite 390
Wellesley Hills, Massachusetts 02481

NFS Leasing, Inc.
900 Cummings Center, Suite 226-U
Beverly, MA 01915

NFS Leasing, Inc.
900 Cummings Center, Suite 226-U
Beverly, MA 01915

NRG Business Marketing, LLC f/k/a Direct Energy Business Marketing, LLC
Thomas J. Coghlan
Fishkin Lucks LLP
One Gateway Center
Newark, NJ 07102 Southbridge Associates II LLC

People's United Bank, N.A.
One Post Office Square, 32nd Floor
Boston, MA 02109

SBC Energy LLC
36 Washington St., Suite 390
Wellesley Hills, MA 02481

SBC Gupta LLC
71 Overlook Drive
Carlisle, Massachusetts

Southbridge Associates II LLC
Southbridge Associates X, LLC
Southbridge XI, LLC
Southbridge Associates XII, LLC
36 Washington St., Suite 390
Wellesley Hills, MA 02481

Southbridge Associates II LLC
c/o PMB 319
396 Washington St #319
Wellesley, MA 02481-6289

Southbridge Associates LLC
14 Mechanic Street
Southbridge, MA 01550

United States of America
US Army Corps of Engineers
Attn: CELRL-RE-S
P.O. Box 59
Louisville, KY 40201-0059

*<u>/s/ Nina M. Parker</u>*
David B. Madoff (BBO#552968)
Steffani M. Pelton (BBO#666470)
Nina M. Parker (BBO#389990)
MADOFF & KHOURY LLP
124 Washington Street
Foxboro, MA 02035
508-543-0040
parker@mandkllp.com